UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WRIGHT,

        Petitioner,                    CASE NO. 2:21-cv-10688

v.                                       HONORABLE NANCY G. EDMUNDS

MIKE BROWN,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING PETITIONER'S MOTION TO HOLD
HIS HABEAS PETITION IN ABEYANCE (ECF No. 9) AND
(2) ADMINISTRATIVELY CLOSING THIS CASE**

Petitioner Timothy Wright, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* application for the writ of habeas corpus in 2021. ECF No. 1. Respondent filed an answer in opposition to the habeas petition. ECF No. 6. Currently before the Court is Petitioner's motion to have his habeas petition held in abeyance while he exhausts state remedies for a new claim. ECF No. 9. For the reasons given below, the Court is granting Petitioner's motion and administratively closing this case.

## I. Background

Following a bench trial in Wayne County Circuit Court, the trial court found Petitioner guilty of first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and

possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment without the possibility of parole for the murder conviction, fourteen months to five years in prison for the felon-in-possession conviction, and five years in prison for the felony-firearm conviction.

In an appeal of right, Petitioner raised several issues regarding the sufficiency and weight of the evidence, the police investigation, the preliminary examination, the prosecutor's conduct, and trial counsel. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Wright,* No. 333488, 2017 WL 6345807 (Mich. Ct. App. Dec. 12, 2017). On May 1, 2018, the Michigan Supreme Court denied leave to appeal, *see People v. Wright,* 910 N.W.2d 290 (Mich. 2018), and on July 27, 2018, the State Supreme Court denied Petitioner's motion for reconsideration. *See People v. Wright*, 915 N.W.2d 368 (Mich. 2018).

In 2019, Petitioner filed a motion for relief from judgment in which he raised claims about trial counsel's waiver of the right to have Sergeant O'Rouke testify, the lack of testimony from Sergeant O'Rouke, trial counsel's performance during plea negotiations, and appellate counsel's failure to raise these three issues on appeal. The trial court denied Petitioner's motion under Michigan Court Rule 6.508(D)(3) because Petitioner had not demonstrated "good cause" for failing to raise several

issues on appeal and "actual prejudice." *See People v. Wright,* No. 15-009130-01-FC (Wayne County Cir. Ct. July 8, 2019); ECF No. 7-13. The trial court also determined that Petitioner had failed to demonstrate ineffective assistance of appellate counsel. *See id*.

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal because he failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Wright*, No. 351907 (Mich. Ct. App. Apr. 17, 2020). Petitioner then sought relief in the Michigan Supreme Court, which denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Wright*, 951 N.W.2d 653 (Mich. 2020).

On March 19, 2021, Petitioner filed his habeas corpus petition. He challenges the state court's denial of relief on his claims about (1) appellate counsel's failure to raise certain issues on direct appeal and (2) trial counsel's performance during the plea-bargaining process. Pet. (ECF No. 1, PageID.2, 23).

Respondent Mike Brown argues in an answer to the habeas petition that Petitioner's claim about trial counsel and any claims underlying his ineffective-assistance-of-appellate-counsel claims within Claim I are procedurally defaulted. Answer in Opp'n to Pet. (ECF No. 6, PageID.490.) Respondent also contends that neither appellate counsel, nor trial counsel, was ineffective, and that the state trial

3

court's denial of relief on Petitioner's claim about appellate counsel was not contrary to, or an unreasonable application of, clearly established federal law. *Id*. at PageID.451-52, 467, 476.

## II.  Petitioner's Motion for a Stay

Now before the Court is Petitioner's motion for the Court to hold his habeas petition in abeyance while he returns to state court to exhaust state remedies for one or more claims about newly discovered evidence. *See* Mot. to Hold Habeas Pet. in Abeyance (ECF No. 9). The newly discovered evidence is video footage from inside the store where the shooting occurred. *Id*. at PageID.1051, ¶ 2. Petitioner states that, on or about May 5, 2022, he acquired the video footage from the Detroit Police Department with the help of a private investigator. *Id.*

According to Petitioner, the video footage will show that the victim drove to the store in a car, got out of the car, retrieved something from under the driver's seat, and then walked into the store clutching his waistband. *Id*. at PageID.1501-02, ¶ 4. Additionally, according to Petitioner, the video shows that the victim's friend later came from behind the store glass, bent down, removed the victim's weapon, and placed the weapon in his waistband. *Id.*

Petitioner asserts that the entire video was not shown at trial, nor provided to the defense team before trial. *Id*. at PageID.1502, ¶ 6. He contends that the newly discovered video footage raises questions about the validity of his convictions and

4

would have aided his defense that the victim brandished a gun at him in the store. *Id*. at PageID.1503-04, ¶¶ 11, 9. Petitioner also contends that (i) he would have had a greater chance of being acquitted of first-degree murder and possibly found guilty of the lesser offense of manslaughter if the video had been shown its entirety at trial, and (ii) the prosecution obstructed justice by failing to disclose the evidence. *Id*. at PageID.1503, ¶ 8. Petitioner wants the Court to hold his habeas petition in abeyance and allow him to return to the state trial court to exhaust state remedies for his claim about this newly discovered evidence. *Id*. at PageID.1501, 1505-06.

### III. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Ordinarily, federal district courts must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Respondent is not arguing that Petitioner failed to exhaust state remedies for his current claims, but a dismissal of this case while Petitioner returns to state court to exhaust state remedies for his new claim could result in a subsequent habeas petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court recognized the gravity of the problem caused by the interplay between the habeas statute of limitations and *Lundy's* dismissal requirement. To solve the problem, the Supreme Court approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id*. at 275. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76.

This stay-and-abeyance procedure normally is available only when the petitioner has good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id*. at 278.

Petitioner does not seem to be engaged in intentional delaying tactics, and his contention that the prosecution withheld a portion of the video which supported his

6

defense is not plainly meritless. Additionally, Petitioner has shown "good cause" for not exhausting state remedies for his new claim before filing his habeas petition. He alleges that the prosecution withheld the full video footage from him before trial and that he only recently acquired the entire video after he hired a private investigator who contacted the Detroit Police Department several times and eventually acquired the video from the Police Department. Mot. (ECF No. 9, PageID.1502-03, ¶ 7).

Furthermore, district courts may delay a decision on a habeas petition with fully exhausted claims when considerations of comity and judicial economy would be served. *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 83 (1st Cir. 2002)). Considerations of comity and judicial economy will be served in this case by giving the state trial court an opportunity to adjudicate Petitioner's claim of newly discovered evidence.

Although Petitioner already filed one motion for relief from judgment in state court, the Michigan rule that prohibits successive motions, *see* Mich. Ct. R. 6.502(G), provides an exception for "a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Petitioner appears to have satisfied this exception to the Michigan rule on successive motions.

7

## IV. Conclusion and Order

For the reasons given above, the Court grants Petitioner's motion to have his habeas petition held in abeyance while he pursues state remedies for his unexhausted claim. As a condition of this stay, however, Petitioner shall file a motion for relief from judgment in the state trial court within sixty (60) days of the date of this order if he has not already done so.

The Court also orders Petitioner to file an amended habeas corpus petition and a motion to re-open this case within sixty (60) days of exhausting state remedies for his new claim if he is unsuccessful in state court. Failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Lastly, the Court orders the Clerk of Court to administratively close this case.

IT IS SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
Dated: July 5, 2022           United States District Judge