UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WRIGHT,

    Petitioner,   Civil No. 2:21-CV-10688
                                      HONORABLE NANCY G. EDMUNDS
v.                            UNITED STATES DISTRICT JUDGE

MATT MACAULEY,

    Respondent,
_____/

**OPINION AND ORDER: (1) AMENDING THE CAPTION, (2) DENYING THE MOTION TO APPOINT COUNSEL (ECF No. 24), AND (3) GRANTING THE MOTION TO EXPAND THE RECORD TO FILE MEDIA FLASHDRIVES IN THE TRADITIONAL MANNER (ECF No. 25).**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit Petitioner to return to the state courts to exhaust additional claims. *See Wright v. Brown*, No. 2:21-CV-10688, 2022 WL 2440746 (E.D. Mich. July 5, 2022).

On January 10, 2024, this Court granted the motion to reopen the case, permitted petitioner to file an amended habeas petitioner, and directed Respondent to file an answer to the amended petition. (ECF No. 13). Respondent filed an answer to the amended petition (ECF No. 20) and petitioner filed a reply. (ECF No. 22).

Before the Court are petitioner's motion for the appointment of counsel and a motion for leave to file media flash drives. In his second motion, petitioner also asks that the case caption be changed to reflect that his current warden is Matt MacCauley.

The Court will order that the caption in this case be amended to reflect that the proper respondent in this case is now Matt MaCauley, the warden of the Bellamy Creek Correctional Facility, where petitioner is now incarcerated. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the

warden. *See Edwards Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The motion for the appointment of counsel is denied at this time. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed an original petition for writ of habeas corpus, a motion to stay and hold the petition in abeyance, a motion to reopen the case, an amended habeas petition, reply briefs, and now these two motions. Petitioner has also attached several exhibits to his petitions. Petitioner

therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court denies the motion for appointment of counsel without prejudice. The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

The Court will grant petitioner's motion for leave to file media flash drives. Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008). In addition, the habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts or other evidence be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

The Court will permit petitioner to file these media flash drives. Although petitioner does not specify in his motion what these flash drives are, the Court assumes he is referring to flash drives that petitioner mentions in his reply brief, in which he claims contain surveillance photographs from the store where the murder that petitioner was convicted of took place. Petitioner claims in his reply brief that the photographs show that the victim was armed with a firearm prior to the shooting and that a store employee who was an acquaintance of the victim removed the firearm prior to the arrival of the police. Petitioner claims that this evidence will support his claim he acted in self-defense as well as his substantive claims.

The Court will also permit the media flash drives to be filed in the traditional manner rather than electronically, being that petitioner is currently incarcerated.

Effective June 1, 2004, the official record of filed cases within the United States District Court for the Eastern District of Michigan was maintained electronically. As of this date, attorneys were permitted to file pleadings and other documents in all cases by electronic means. See E.D. Mich. LR 5.1.1. As of October 1, 2005, LR 5.1.1 was amended to require electronic filing of all court papers after November 30, 2005. The Rule permits the Court to "excuse a party from electronic filing on motion for good cause shown." LR 5.1.1(a). In order to demonstrate good cause within the meaning of LR 5.1.1(a), "a litigant must set forth reasons beyond the resistance to modernization, reluctance to invest in new equipment, or an aversion to technology" to qualify for an exception to electronic filing. *Smith v. Port Hope School Dist.*, 407 F. Supp. 2d 865, 868 (E.D. Mich. 2006). Instead, "there must be evidence that unusual, unanticipated, or extraordinary circumstances beyond the control of counsel" that would justify relieving a litigant from the electronic filing requirement. *Id.*

At least one judge in this district has permitted compact discs to be filed with the court in a traditional manner. *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 593, n. 8 (E.D. Mich. 2016). In addition, petitioner is currently incarcerated. Pursuant to Rule 3(a) of the Electronic Filing (ECF) Procedures for the Eastern District of Michigan, "[A] filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, an attorney authorized to represent the United States Government, or a non-incarcerated pro se party granted access permission." Petitioner, as an incarcerated prisoner, by definition does not qualify as a filing user pursuant to the ECF Procedures of this Court. Because petitioner does not have access to the Court's electronic docketing system, this Court will permit him to file his exhibits in a traditional manner.

**IT IS HEREBY ORDERED** that motion for the appointment of counsel (ECF No. 24) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for leave to file media flash drives in a traditional manner (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall send a copy of the exhibits to the **Clerk's Office for the United States District Court for the Eastern District of Michigan, 231 West Lafayette Boulevard, Detroit, Michigan 48226,** with a copy of this order. **Petitioner shall also send a copy of the exhibits to this Court's chambers at 231 West Lafayette Blvd., Room 805, Detroit, MI 48226.**

Dated: September 17, 2024

s/Nancy G. Edmunds  
HON. NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2024, by electronic and/or ordinary mail.

          s/Marlena A. Williams
          Case Manager